Abraham N. Geller, J.
Motion by plaintiff to examine defendant for the purpose of framing a complaint is granted. Plaintiff states upon information and belief that defendant is a resident of New Jersey. He was served in this State with a summons containing a notice that the action was for a declaratory judgment for specified relief and for a separation. Defendant appeared and demanded a copy of the complaint.
*1045 This motion by order to show cause was then made by plaintiff alleging that she had been advised by her prior attorney that he had been informed by defendant’s attorneys that defendant had obtained a foreign divorce decree and had remarried. However, despite further investigation, no details as to the jurisdiction, court, etc., of divorce or place and date of remarriage have been obtained.
Defendant’s answering affidavit does not deny the furnishing of the information to plaintiff’s prior attorney and is completely silent regarding the alleged foreign divorce or remarriage. He asserts that plaintiff has sufficient knowledge to frame a complaint for a declaratory judgment. But it clearly appears that she does not.
Where a foreign divorce is the subject of a declaratory judgment, a plaintiff is entitled to examine as to issues of jurisdiction, bona fide domicile, etc.
Ordinarily an application for an order of disclosure to aid in bringing an action should be made before an action is commenced (CPLR 3102, subd. [c]). However, a plaintiff may serve a summons without a complaint (CPLR 3012). Upon a showing of appropriate circumstances, where a plaintiff has so proceeded, particularly where the defendant is a nonresident, there is no sound reason for denying the right to disclosure to frame a complaint merely because the application is made after, rather than before, the action is commenced.
CPLR 3102 (subd. [c]) was not intended to change the actual practice under the Civil Practice Act except to give the court more flexibility in exercising its discretion (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.08). Under the Civil Practice Act the courts granted orders for disclosure to frame a complaint, whether before or after service of summons, depending on the showing made as to the necessity therefor.
Boyd v. Boyd (276 App. Div. 1013) is directly in point. There an examination of defendant husband was granted after service of a summons for the purpose of framing a complaint to set forth an action to test the validity of a purported foreign decree and remarriage. In that case, also, plaintiff’s attorney had received some information about these matters and defendant had not denied that he procured such a decree and had remarried.
Settle order, providing for examination on the matters set forth in the moving papers and for extension of plaintiff’s time to serve complaint until 10 days after completion of the examination.